UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

RED SHIELD ACQUISITION LLC,

            Debtor.

Chapter 7

Case No. 14-10812

**MOTION TO DISMISS INVOLUNTARY PETITION FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS PURSUANT TO 11 U.S.C. § 303 AND FED. R. BANKR. P. 1010, 1011, 7004, AND 7012, WITH INCORPORATED MEMORANDUM OF LAW**

Red Shield Acquisition LLC (the "Debtor") requests that the Court enter an order dismissing the pending involuntary petition filed against the Debtor by Trico Mechanical Contractors, Inc., CCB, Inc., Portage Wood Products, LLC, and Maine Woods Company LLC (collectively, the "Petitioning Creditors"), pursuant to section 303 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1010, 1011, 7004, and 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of its motion (the "Motion"), the Debtor states as follows:

## BACKGROUND

1.     On October 10, 2014, the Petitioning Creditors commenced an involuntary case against the Debtor by filing an involuntary petition for relief under chapter 7 of the Bankruptcy Code in this Court [Docket No. 1] (the "Petition").

2.     On October 14, 2014, this Court issued a summons to the Debtor [Docket No. 3] (the "Summons").

3.     On October 15, 2014, the Petitioning Creditors filed a certificate of service indicating that the Petition and Summons were served on the Debtor via "Federal Express,

1

Priority Overnight" [Docket No. 4] (the "COS").  A true and correct copy of the COS is attached hereto as **Exhibit A**.

## RELIEF REQUESTED

4. The Debtor requests that the Court dismiss the Petition for lack of personal jurisdiction and insufficient service of process pursuant to section 303 of the Bankruptcy Code and Bankruptcy Rules 1010, 1011, 7004, and 7012.  As explained more fully below, the Summons and the Petition were not properly served on the Debtor, and thus the Petition must be dismissed.

## BASIS FOR RELIEF

**I.     Applicable Legal Standard**

5. An involuntary bankruptcy case is commenced by the filing of an involuntary petition in the bankruptcy court.  11 U.S.C. § 303(b).  After the petition is filed, "the clerk shall forthwith issues a summons for service," and "[t]he summons shall be served with a copy of the petition in the manner provided for service of a summons and complaint by Rule 7004(a) or (b)." Fed. R. Bankr. P. 1010(a).

6. Bankruptcy Rule 7004(b) provides, in its pertinent part, as follows:

> (b) SERVICE BY FIRST CLASS MAIL. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)–(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> . . . .
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
>
> . . . .

2

> (7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if a copy of the summons and complaint is mailed to the entity upon whom service is prescribed to be served by any statute of the United States or by the law of the state in which service is made when an action is brought against such a defendant in the court of general jurisdiction of that state.
>
> (8) Upon any defendant, it is also sufficient if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process, at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on a business or profession and, if the authorization so requires, by mailing also a copy of the summons and complaint to the defendant as provided in this subdivision.
>
> (9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing.

Fed. R. Bankr. P. 7004(b).

7.  Pursuant to Bankruptcy Rule 1011(b), "Defenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R. Civ. P. and shall be filed and served within 21 days after service of the summons . . . ." Under Rule 12 of the Federal Rules of Civil Procedure, a claim may be dismissed for "lack of personal jurisdiction" and "insufficient service of process." Fed. R. Civ. P. 12(b)(2), (5).

8.  "[A] summons when properly issued is not effective in conferring personal jurisdiction . . . if it not served in accordance with Rule 4 of the Federal Rules of Civil Procedure . . . ." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 570 (3d Cir. 1996). "Without proper service, the court does not obtain personal jurisdiction over a defendant, and the case may not proceed to judgment." Lin v. Pennsylvania Mach. Works, Inc., No. Civ. A. 97-5407, 1998 WL 111788, at *3 (E.D. Pa. Mar. 3, 1998).

3

**II.  The Petition Must be Dismissed Because the Petitioning Creditors Failed to Properly Serve the Summons and the Petition Under Bankruptcy Rule 7004(b), and Thus the Court Does Not Have Personal Jurisdiction Over the Debtor**

9.  The COS clearly indicates that the Petitioning Creditors served the Summons and the Petition by "Federal Express, Priority Overnight," not by "first class mail postage prepaid," as required by Bankruptcy Rule 7004(b).

10. Most courts that have considered the issue have determined that service by Federal Express does not comply with a requirement of service by first class mail. For instance, the Seventh Circuit Court of Appeals has determined that service by Federal Express does not constitute service by "first class mail, postage prepaid" under the then-existing version of Fed. R. Civ. P. 4(c)(2)(C)(ii). Audio Enters., Inc. v. B & W Loudspeakers of Am., 957 F.2d 406, 409 (7th Cir. 1992). Similarly, the Fifth Circuit Court of Appeals has determined that service by Federal Express does not satisfy requirement of service by "mail" under Fed. R. App. P. 25(a)(1)(B). Price v. Poulos, 876 F.2d 30, 32 n.1 (5th Cir. 1989) (defining "mail" as "letters . . . conveyed under public authority," and determining that Federal Express was a private company, and thus not "mail"); see also Magnuson v. Video Yesteryear, 85 F.3d 1424, 1431 (9th Cir. 1996) (applying the service requirements of Fed. R. Civ. P. 5(b)); Kissel v. DiMartino, Nos. CV-92-5660 (CPS), CV-93-1710/2963, 1993 WL 289430, at *10 n.2 (E.D.N.Y. Jul. 20, 1993); Kim v. United States, 461 F.Supp.2d 34, 40 n.5 (D.D.C. 2006).

11. Moreover, at least one bankruptcy court has determined that service of an involuntary petition by Federal Express is insufficient service of the petition under Bankruptcy Rule 7004(b). In re Diloreto, No. 07-15413bf, 2008 WL 141922 (Bankr. E.D. Pa. Jan. 11, 2008). In Diloreto, the bankruptcy judge explained that:

> The Ninth Circuit reasoned in Magnuson that when Fed. R. Civ. P. 5 was adopted in 1937, the modern private overnight delivery

>    services did not exist. Thus, the requirement of mailing, in the various federal procedural rules that use the term, was intended to refer to the governmental postal entity and should be so consistently construed. [Magnuson], 85 F.3d at 1430-31. As the Federal Rules of Bankruptcy Procedure adopt the Federal Rules of Civil Procedure in many instances, the drafters of those bankruptcy rules probably intended the same meaning.
>
>    Given the various private delivery services now available, the numerous digital and non-digital methods of written communication commonly used, and the present electronic case filing system now used in federal courts, one may debate the wisdom of limiting service under Rule 7004 to first class mail. Rule 7004, however, was enacted pursuant to the Bankruptcy Rules Enabling Act, 28 U.S.C. § 2075, and thus promulgated by the Supreme Court and authorized by Congress. If change is warranted, it will have to come through modification to that national rule.
>
>    Accordingly, the petitioning creditor here did not comply with the service requirements of Rule 7004 when Federal Express delivered the involuntary petition to the putative debtor.

2008 WL 141922, at *4-5.

12.    Here, because the Petitioning Creditors served the Summons and the Petition by Federal Express, rather than "first class mail postage prepaid," they have failed to sufficiently serve process on the Debtor, thereby failing to confer personal jurisdiction over the Debtor on this Court.

WHEREFORE, the Debtor requests that the Court enter an order granting the Motion, dismissing the Petition without prejudice, and granting such other and further relief as the Court deems just and appropriate.

5

                                        Respectfully submitted,

DATED: November 5, 2014        */s/ Jeremy R. Fischer*
                                        Benjamin E. Marcus
                                        Jeremy R. Fischer
                                        DRUMMOND WOODSUM
                                        84 Marginal Way, Suite 600
                                        Portland, Maine 04101-2480
                                        Telephone: (207) 772-1941
                                        E-mail: bmarcus@dwmlaw.com
                                        E-mail: jfischer@dwmlaw.com

                                        *Attorneys for Red Shield Acquisition LLC*